NITRATE AGENCIES Co., demandante y apelante, *v.* EDUARDO URRUTIA, en su carácter de Márshal de la Corte de Distrito del Distrito Judicial de San Juan, demandado y apelado.

No. 4489.—*Sometido:* Febrero 15, 1929. *Resuelto:* Mayo 31, 1929.

*Enrique Rincón,* abogado de la apelante; *Blondet & Campillo,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandado, Eduardo Urrutia, como Márshal de la Corte de Distrito de San Juan, estaba a punto de vender en ejecución de sentencia una participación social, cuando, como se alega en la petición de *mandamus,* una tercera persona alegó prioridad. El importe de la reclamación original era $1,868.57, más intereses, y el márshal, así se alega, informó al agente del demandante original que, haciendo uso de su discreción, aceptaría una fianza de $5,000 para exonerar la participación social que se trataba de ejecutar. Según se alega además, la participación que se iba a ejecutar, de conformidad con el contrato de sociedad celebrado anteriormente, ascendía a $23,000.

La corte de distrito, después de radicarse una contestación, pero aparentemente sin otra prueba que las alegaciones, dictó sentencia a favor del demandado. No estamos seguros de que no se presentara prueba, en vista de que la

corte habla de la declaración del márshal, pero no se ha incorporado prueba a los autos.

La teoría del márshal era que él tenía discreción para fijar la fianza en una cantidad más que suficiente para cubrir la reclamación del demandante. De la contestación se desprendía que el contrato de sociedad había sido celebrado algún tiempo antes y que había otros embargos u órdenes de ejecución contra la misma participación. Igualmente, que era discrecional por parte del márshal fijar el importe de la fianza. Este último tasó la participación en $2,500 y fijó la fianza en $5,000. La teoría de la apelante era que una vez que se demostrara que la participación ascendía a $23,000, la presunción era que continuaba valiendo eso; que de conformidad con la ley el márshal estaba obligado a fijar una fianza por el doble del importe de la participación, o sea, por $46,000.

La corte resolvió que antes de poderse llevar al márshal a los tribunales mediante el procedimiento de *mandamus,* era necesario que se le requiriera; que efectivamente al márshal competía fijar el valor, y en ausencia de prueba en contrario la actuación del márshal se presumía correcta; y que el márshal tenía una discreción que no podía ser controlada por *mandamus.* Asumiendo que todas estas cuestiones fueron debidamente presentadas, somos de opinión que la corte en general estaba en lo cierto. La reserva que hacemos es que el *mandamus* no procedía en absoluto y que por tanto no estaba envuelta ninguna verdadera cuestión de discreción *vel non.* Dudamos que la presunción de continuidad sea aplicable a una participación social, sujeta a cambio como está.

Ésta es una petición de *mandamus* en que se solicitaba se ordenara al márshal que se abstuviera de suspender una venta en pública subasta a menos que se exigiera una fianza por el doble del importe de la participación que se iba a ejecutar. En cuanto a su forma, por lo menos, no se solicita ninguna orden específica dirigida al márshal para que

haga algo. Según indicó la corte, no hubo prueba de que alguien ya hubiese ofrecido una fianza. Quizá el márshal podía proseguir con la venta en pública subasta. El objeto de la petición claramente era impedir que el márshal aceptara una fianza de $5,000. Los deberes a que se dirige un auto de *mandamus* son positivos y no negativos; que haga, y no que se abstenga de hacer.

Quizá más especialmente el auto de *mandamus* procede para regular un deber "que la ley particularmente ordene," etc. Por lo general significa un deber claramente impuesto por la ley. No tiende a abarcar toda clase de deber que sea incidental a un cargo. La fijación del importe de una fianza no puede ser un deber especialmente ordenado por la ley.

*La sentencia apelada debe ser confirmada.*